ROBERT BRIAN BLACK        7659
STEPHANIE FRISINGER    11483
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i 96813
brian@civilbeatlawcenter.org
Telephone: (808) 531-4000
Facsimile: (808) 380-3580

*Attorneys for Plaintiff*
*Civil Beat Law Center for the Public Interest*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, INC., <br> Plaintiff, <br><br> vs. <br><br> RODNEY A. MAILE, in an Official Capacity as Administrative Director of the Courts; ELIZABETH M. ZACK, in an Official Capacity as Chief Clerk of the Hawai`i Supreme Court; LORI ANN OKITA, in an Official Capacity as Chief Court Administrator of the First Circuit; SANDY S. KOZAKI, in an Official Capacity as Chief Court Administrator of the Second Circuit; LESTER D. OSHIRO, in an Official Capacity as Chief Court Administrator of the Third Circuit; and DAVID M. LAM, in an Official Capacity as Chief Court Administrator of the Fifth Circuit, <br> Defendants. | CIVIL NO. 22-CV-386 <br><br> **COMPLAINT** |

# COMPLAINT

Plaintiff Civil Beat Law Center for the Public Interest (Law Center or Plaintiff), for its Complaint against Defendants Chief Clerk of the Hawai`i Supreme Court, Administrative Director of the Courts, and the Chief Court Administrators of the trial courts (collectively, Defendants) alleges as follows:

1. The public has a federally protected constitutional right to access court records.

2. Access to court records allows the public to investigate and monitor the judicial process and court system.

3. The presumption of openness that applies to court records can only be overcome by specific judicial findings that show denial of access is required based on the facts of an individual case.

4. The Law Center brings this action under the First and Fourteenth Amendments of the United States Constitution to challenge Hawai`i Court Record Rules (HCRR) 2.19 and 9.1, which mandate withholding public access to all "medical and health records," including criminal responsibility and competency evaluations, without requiring a court to make specific factual findings before sealing.

5. By enforcing the HCRR to deny public access to medical and health records without a case-by-case judicial analysis, Defendants violate the public's

right of access to court records guaranteed by the First and Fourteenth Amendments.

## PARTIES

6. Plaintiff Civil Beat Law Center for the Public Interest is a nonprofit corporation, organized under the laws of and with its principal place of business in the State of Hawai`i and dedicated to developing solutions that promote transparency and responsiveness in government.

7. Defendant Elizabeth M. Zack is the Chief Clerk of the Hawai`i Supreme Court and is sued in that official capacity. On information and belief, Defendant Zack's primary place of employment is at 417 S. King Street, Honolulu, Hawai`i 96813.

8. Defendant Rodney A. Maile is the Administrative Director of Courts and is sued in that official capacity. On information and belief, Defendant Maile's primary place of employment is at 417 S. King Street, Honolulu, Hawai`i 96813.

9. Defendant Lori Ann Okita is the Chief Court Administrator of the First Circuit Court of Hawai`i and is sued in that official capacity. On information and belief, Defendant Okita's primary place of employment is at 777 Punchbowl Street, Honolulu, Hawai`i 96813.

10. Defendant Sandy S. Kozaki is the Chief Court Administrator of the Second Circuit Court of Hawai`i and is sued in that official capacity. On

information and belief, Defendant Kozaki's primary place of employment is at 2145 Main Street, Suite 106, Wailuku, Hawai`i 96793.

11. Defendant Lester D. Oshiro is the Chief Court Administrator of the Third Circuit Court of Hawai`i and is sued in that official capacity. On information and belief, Defendant Oshiro's primary place of employment is at 777 Kilauea Avenue, Hilo, Hawai`i 96720.

12. Defendant David M. Lam is the Chief Court Administrator of the Fifth Circuit Court of Hawai`i and is sued in that official capacity. On information and belief, Defendant Lam's primary place of employment is at 3970 Kaana Street, Līhu`e, Hawai`i 96766.

**JURISDICTION AND VENUE**

13. This action arises under the First and Fourteenth Amendments of the Constitution of the United States. This Court has original subject matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201.

14. Venue is proper in the District of Hawai`i under 28 U.S.C. § 1391(b) because Defendants reside in Hawai`i and are employed in this district, and because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in this district.

## BACKGROUND

15. HCRR 2.19 provides, in relevant part: "Personal information means social security numbers, dates of birth (except for traffic citations), names of minor children, bank or investment account numbers, **medical and health records**, and social service reports." (emphasis added).

16. HCRR 9.1 provides, in relevant part: "Except as provided in this Rule 9 and notwithstanding any other rule to the contrary, a party shall not include personal information in any accessible document filed in any state court or with ADLRO. **Required personal information shall be submitted by means of a Confidential Information Form** that substantially conforms to HCRR Form 2 of these rules . . . . **The Confidential Information Form shall be designated confidential, protected, restricted, sealed, or not accessible**." (emphasis added).

17. The public has a presumptive right of access to court records—absent notice of the proposed sealing, a meaningful opportunity to be heard, and judicial findings that justify sealing specific information—grounded in the First and Fourteenth Amendments.

18. Defendants maintain and control public access to court records for cases in Hawai`i state courts.

19. Defendants enforce the HCRR and deny public access to court records when required by the HCRR.

20. Contrary to the standards set by the Supreme Court of the United States, the HCRR requires sealing *all* medical and health records without public notice and meaningful opportunity to be heard before sealing and a showing that closure is necessary and narrowly tailored to serve a compelling governmental interest on a case-by-case basis.

21. On June 15, 2022, Plaintiff provided a draft of this complaint to the Department of the Attorney General to provide an opportunity for resolution without litigation.

## COUNT I
## HCRR 2.19 AND 9.1 ARE FACIALLY UNCONSTITUTIONAL

22. The foregoing paragraphs 1-21 are realleged and incorporated by reference.

23. Each of Defendants identified above are government officials with the responsibility to enforce public access and confidentiality rules as clerks within the definition of "Clerk" under the HCRR 2.7.

24. Each of Defendants identified above are persons within the meaning of 42 U.S.C. § 1983.

25. Defendants' actions and inactions, as alleged in this Complaint, are under the color of Hawai`i law and constitute state action within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment.

26. Defendants, in their official capacities, enforce the HCRR to automatically deny public access to medical and health records without public notice and meaningful opportunity to be heard and without judicial findings to justify sealing.

27. By enforcing the HCRR provisions that automatically seal medical and health records without public notice and meaningful opportunity to be heard and without judicial findings in each case, Defendants deprive the Law Center and the public of their federally protected constitutional right to access court records.

## COUNT II
## HCRR 2.19 AND 9.1 ARE UNCONSTITUTIONAL AS APPLIED
## TO CRIMINAL RESPONSIBILITY AND COMPETENCY EVALUATIONS

28. The foregoing paragraphs 1-21 are realleged and incorporated by reference.

29. On August 20, 2020, Plaintiff filed a motion to unseal criminal responsibility and competency evaluations in a Hawai`i state court criminal case, *State v. Ramoncito Abion*.

30. Experts prepare criminal responsibility and competency evaluations by court order in Hawai`i state court criminal cases when there are issues regarding a physical or mental disease, disorder, or defect of the criminal defendant that affects the defendant's fitness to proceed with trial, HRS § 704-404, or the defendant's penal responsibility at the time of alleged crime, HRS § 704-407.5.

31. If a court finds that, by reason of a mental disease, disorder, or defect, a criminal defendant is unfit to proceed with trial, then the charges against the defendant are dismissed if fitness cannot be regained. HRS § 704-406.

32. If a report concludes that a mental disease, disorder, or defect impaired a criminal defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform the defendant's conduct to the requirements of law, then the trier of fact must consider the defense—and may acquit on the basis—of physical or mental disease, disorder, or defect. HRS § 704-408.

33. Criminal responsibility and competency evaluations are a critical phase of criminal proceedings that ensure fairness in the administration of justice and protect the integrity of the justice system.

34. Public access to criminal responsibility and competency evaluations allows the public to investigate and monitor whether courts are protecting vulnerable members of the community and whether the law is fairly enforced.

35. Criminal responsibility and competency evaluations can be the evidentiary basis for dispositive resolution of a Hawai`i state court criminal case.

36. Nevertheless, on October 6, 2020, the Hawai`i Supreme Court denied Plaintiff's motion to unseal the criminal responsibility and competency evaluations for Mr. Abion. *State v. Ramoncito Abion*, No. SCWC-18-600, Dkt. 41.

37. In denying access to the evaluations, the Hawai`i Supreme Court broadly interpreted HCRR 2.19 and 9.1 to justify withholding the records from the public.

38. As interpreted by the Hawai`i Supreme Court, under the HCRR, medical and health records include criminal responsibility and competency evaluations.

39. The Hawai`i Supreme Court did not make judicial findings to justify denying access to the criminal responsibility and competency evaluations based on the facts of the case.

40. On December 29, 2020, the Hawai`i Supreme Court vacated Mr. Abion's conviction, in part, based on one of the evaluations in the case, which remained sealed to the public pursuant to HCRR 2.19 and 9.1 even though the *Abion* court quoted from and summarized the report in its published opinion. *State v. Abion*, 148 Hawai`i 445, 478 P.3d 270 (2020).

41. The public's constitutional right to access court records includes access to criminal responsibility and competency evaluations.

42. Each of Defendants identified above are government officials with the responsibility to enforce public access and confidentiality rules as clerks within the definition of "Clerk" under the HCRR 2.7

43. Each of Defendants identified above are persons within the meaning of 42 U.S.C. § 1983.

44. Defendants' actions and inactions, as alleged in this Complaint, are under the color of Hawai`i law and constitute state action within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment.

45. Defendants, in their official capacities, enforce the HCRR to automatically deny public access to criminal responsibility and competency evaluations without public notice and meaningful opportunity to be heard and without judicial findings to justify sealing.

46. By enforcing the HCRR provisions that automatically seal criminal responsibility and competency evaluations without public notice and meaningful opportunity to be heard and without judicial findings in each case, Defendants deprive the Law Center and the public of their federally protected constitutional right to access court records.

## DEMAND FOR RELIEF

Based on the foregoing, Civil Beat Law Center for the Public Interest respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201 declaring HCRR 2.19 and 9.1 are unconstitutional under the First and Fourteenth Amendments of the United States Constitution, both on their face and as applied to

criminal responsibility and competency evaluations, because the rules mandate denial of public access to medical and health records that are public court records to which the First Amendment right of access applies;

B.  Enter an order enjoining Defendants, including their agents, employees, associates, assignees, counsel, appointees, assistants, affiliates, successors, and all other persons acting in concert or cooperation with them, or at their direction or under their control, from enforcing the HCRR to automatically seal medical and health records, including criminal responsibility and competency evaluations, without first complying with the First Amendment standards that protect the public's constitutional right of access to court records.

C.  Enter an order severing the unconstitutional pieces of HCRR 2.19 and 9.1, including but not limited to striking "medical and health records" from HCRR 2.19.

D.  Award the Law Center reasonable attorney's fees and all other expenses reasonably incurred in the litigation pursuant to 42 U.S.C. § 1988; and

E.  Grant such other and further relief as it deems reasonable and just.

DATED:  Honolulu, Hawai`i, August 22, 2022.

/s/ Robert Brian Black
ROBERT BRIAN BLACK
STEPHANIE FRISINGER
Attorneys for Plaintiff