IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RODNEY A. MAILE, *et al.*, <br><br> Defendants. | Case No. 22-cv-00386-DKW-KJM <br><br> **ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (2) GRANTING DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Both sides in this case seek summary judgment with respect to Plaintiff Civil Beat Law Center for the Public Interest's (Civil Beat) claims challenging the constitutionality of Hawaiʻi Court Records Rules (HCRR) 2.19 and 9.1 on the ground that they impermissibly restrict access to "medical and health records" in court filings.   Civil Beat also argues that the rules have been unconstitutionally interpreted to restrict access to criminal competency evaluations.   Having reviewed the parties' briefing on these matters, and for the reasons discussed more fully below, the Court disagrees with Civil Beat that a constitutional right of access attaches to "medical and health records" filed in court proceedings.   Contrary to Civil Beat's contention, the HCRRs do not constitute "[c]ategorical automatic closure rules" -- rather, they simply keep specific medical information and records,

such as hospital or treating physician notes, under seal, while maintaining access to underlying court records, such as complaints and memoranda.   The Court also disagrees that the HCRRs violate any constitutional right Civil Beat may have to competency evaluations produced in State criminal prosecutions.   As a result, Civil Beat's motion for summary judgment, Dkt. No. 26, is DENIED and Defendants' counter-motion for summary judgment, Dkt. No. 31, is GRANTED for the reasons set forth herein.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   In contrast, when the moving party bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted…."   *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).   This means that the movant "must establish beyond controversy every essential element" of its claim.   *See S. Cal. Gas Co. v. City of*

*Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (quotation omitted).   In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party.   *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## RELEVANT PROCEDURAL BACKGROUND

On August 22, 2022, Civil Beat initiated this case with the filing of a two-claim Complaint against various administrative personnel of the Hawaiʻi State Court system (collectively, Defendants).   Dkt. No. 1.   Civil Beat alleges that HCRR 2.19 and 9.1 are (1) facially unconstitutional in denying access to medical and health records and (2) unconstitutional as-applied to criminal competency evaluations.

On November 3, 2022, Civil Beat moved for summary judgment with respect to its two claims for relief.   Dkt. No. 26.   On November 17, 2022, Defendants filed a counter-motion for summary judgment with respect to the same claims.   Dkt. No. 31.   On November 23, 2022, Civil Beat filed a combined reply in support of its motion and opposition to Defendants' counter-motion.   Dkt. No. 33.   Defendants did not file a reply in support of their counter-motion before the deadline to do so, and the Court subsequently vacated the scheduled hearing on the motions.   Dkt. No. 34.   The parties have also filed concise statements of fact in support of their motions, as well as stipulated facts.   Dkt. Nos. 25, 27, 29-30.

3

## SUMMARY JUDGMENT FACTS

The facts in this case are relatively brief and appear substantively undisputed. *See, e.g.*, Dkt. Nos. 25, 29.

Defendants enforce the HCRR and deny public access to court records when required by the same. Agreed Statement of Facts (ASF) at ¶ 8, Dkt. No. 25. The HCRR applies to all court proceedings in Hawai'i State courts. *Id*. at ¶ 9. HCRR 9.1(a) prohibits a party from including "personal information" in any accessible document filed in any Hawai'i State court. HCRR 9.1(a). Personal information must, instead, be submitted in a "Confidential Information Form…." *Id*. HCRR 2.19 defines "personal information" as including, in relevant part, "medical and health records…." HCRR 2.19.[1] The Hawai'i Supreme Court has interpreted "medical and health records" under HCRR 2.19 as including criminal responsibility and competency evaluations. ASF at ¶ 12. In a "2021 Report to the Legislature," the Judiciary reported that, as of October 31, 2021, 214 competency evaluations were ordered by the Circuit Court on Oahu. Defendants' Concise Statement of Facts (DCSF) at ¶ 7, Dkt. No. 30. Defendants enforce the HCRR to deny public access to medical and health records, including criminal

---

[1]Personal information also includes social security numbers, dates of birth, names of minor children, bank or investment account numbers, and social service reports, none of which are at issue in this case.

responsibility and competency evaluations, filed in Hawaiʻi State courts, except when otherwise permitted by a court.   ASF at ¶ 13; HCRR 10.4.

## DISCUSSION

The Court begins with Civil Beat's facial challenge to the constitutionality of HCRR 2.19 and 9.1, followed by its as-applied challenge with respect to competency evaluations.

## I.   **Facial Challenge**

Civil Beat argues that HCRR 2.19 and 9.1 are facially unconstitutional because the public is deprived of a meaningful opportunity to object to the sealing of health records and an explanation of why such records have been sealed.   Dkt. No. 26 at 9.   Civil Beat argues that the public is entitled to an opportunity to object and an explanation of the reasons for sealing because there is a presumptive right of access to court records.   *Id*. at 26 at 5-8; Dkt. No. 33 at 2-3.

The Court disagrees that Civil Beat has shown a constitutional right of access to an individual's medical and health records.   Specifically, none of the cases on which Civil Beat relies concerns such records.   Rather, they involve, for example, civil complaints generally, criminal sentencing memoranda generally, and contempt proceedings generally.   *See* Dkt. No. 26 at 9-10 (summarizing cases).   Not one of those cases say that an individual's medical and health records

must be made publicly available simply because, for example, a related civil complaint is and must be available.

Notably, the applicable standard for determining whether the First Amendment provides a right of access to a specific *type* of judicial record, such as an individual's medical records, is "(1) whether that proceeding or record has historically been open to the press and general public and (2) whether public access plays a significant positive role in the functioning of the particular governmental process in question." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020). Civil Beat fails to address this standard with respect to the specific information at issue here: an individual's medical and health records. Instead, Civil Beat simply assumes that the standard has been met and, thus, a constitutional right of access applies. *See* Dkt. No. 26 at 5-13. Application of the standard shows otherwise.

First, Civil Beat cites no historical experience of an individual's medical records, such as a doctor's treating notes, being open to the general public, nor can this Court imagine any such history of openness. Second, even if there was some history of openly disclosing an individual's medical records, public access to the same would play little, if any, role in the functioning of Hawai'i's court system. Notably, contrary to Civil Beat's contention, it is absurd to suggest that the public

needs access to an individual's medical records, such as hospital treatment records of a tort victim, in order to "understand" the issues in a tort case or the basis for a decision in such a case.   Simply put, the public does not need access to the claimant's specific medical records, when the nature of the case can quite easily be conveyed (and understood) by expressing more generally the nature of the claimant's injuries, such as by describing them as severe, moderate or minor.   It makes no sense (or logic) for specific medical records to be made publicly available.

The Court further notes that Civil Beat's argument in this regard is built on a faulty premise.   Civil Beat contends that, in sealing medical and health records, Hawaiʻi State courts are engaging in "[c]ategorical automatic closure[,]" which is disfavored.   Dkt. No. 26 at 10.   Nothing could be further from the truth.   Simply because the public does not have access to an individual's medical and health records does not mean that any other part of the relevant civil or criminal case has been closed, as Civil Beat suggests.   Rather, the civil complaint or criminal sentencing memorandum remain accessible to the public.   The only item that is not accessible is an individual's medical and health records—and, even then, there is a process for attempting to gain access when there is a specific reason for doing so.

For these reasons, the Court does not find HCRR 2.19 and 9.1 facially

unconstitutional.

## II.   As-Applied Challenge

Citing decisions of the Ninth Circuit Court of Appeals, Civil Beat also

argues that HCRR 2.19 and 9.1 are unconstitutional as-applied to criminal

competency evaluations.   In particular, Civil Beat cites *United States v. Guerrero*,

693 F.3d 990 (9th Cir. 2012), contending that, therein, the Ninth Circuit "required"

disclosure of such evaluations.   Dkt. No. 26 at 16.[2]

While the Ninth Circuit did not "require[]" disclosure as Civil Beat

contends,[3] the Circuit's discussion of the First Amendment in the context of

criminal competency proceedings, and the reasons provided for affirming the

district court's underlying decision, provide persuasive support for Civil Beat's

contention that a First Amendment right of access exists to criminal competency

evaluations.   Notably, the Ninth Circuit explained, first, that it could find no

experience of denying access to competency proceedings and, second, that

---

[2]Civil Beat also cites *United States v. Kaczynski*, 154 F.3d 930 (9th Cir. 1998).   Dkt. No. 26 at 17.   *Kaczynski*, however, did not address whether a *First Amendment* right of access to competency evaluations existed and, thus, this Court does not find it helpful here.   *See Kaczynski*, 154 F.3d at 932 (declining to address whether a First Amendment right of access existed to a psychiatric competency report).
[3]More accurately, the district court in *Guerrero* denied a defendant's motion to seal his competency proceeding and related documents, a result which the Ninth Circuit found was not clearly erroneous and, thus, affirmed.   *Guerrero*, 693 F.3d at 1004.

allowing public access to competency proceedings "permits the public to view and

read about the criminal justice process and ensure that the proceedings are

conducted in an open, objective, and fair manner." *Guerrero*, 693 F.3d at 1001.

In their response, Defendants do not attempt to counter any of the reasons provided

by the Ninth Circuit or contend that the record or case law in this regard is any

different.   Instead, Defendants argue only that the Ninth Circuit did not expressly

address whether a First Amendment right of access existed.   Dkt. No. 31-1 at 15-

16.   While that is true in a literal sense, it misses the persuasive force of the Ninth

Circuit's reasoning, particularly given that Defendants do not try to contend that

anything is different or has changed here.[4]   Therefore, in light of *Guerrero*, the

---

[4]As mentioned, in *Guerrero*, the Ninth Circuit determined that it could find "no decision denying open access to competency proceedings."   693 F.3d at 1001.   This Court's independent research reveals, with respect to criminal competency *evaluations*, a mixed field of decisions−with some courts allowing and others denying access.   *Compare Commonwealth v. Nuzzo*, __ A.3d __, 2022 WL 10220028, at *10 (Pa. Super. Ct. Oct. 18, 2022) (finding that a defendant's competency petition, which "detailed his mental health treatment and diagnosis," fell within the protections of the State's Mental Health Procedures Act and, thus, should have been sealed by the trial court); *Zapata v. People*, 428 P.3d 517, 524-526 (Colo. 2018) (finding that a defendant's competency reports were subject to physician-patient privilege under State law and, thus, could not be revealed absent the defendant's consent); *Lewis v. Smith*, 2020 WL 6268235, at *3 (S.D. Ohio Oct. 26, 2020) (granting a motion to seal a competency evaluation in light of the movant's interests in the non-disclosure of her medical history, her Fifth Amendment interests, and the State of Ohio's interest in keeping the evaluation confidential); *and In re Spokesman Review*, 2008 WL 3084252, at * (D. Idaho Aug. 5, 2008) (denying a motion to unseal a mental competency evaluation because the defendant retained a right to privacy in his medical and mental records); *with State v. Gotavaskas*, 134 A.3d 536, 542-543 (Vt. 2015) (concluding that "relevant" portions of a competency report must be admitted into evidence and, once admitted, become accessible to the public under State law unless case-specific findings justifying redaction are made); *State v. Chen*, 309 P.3d 410, 411 (Wash. 2013) (en banc) (concluding that, pursuant

Court finds that there is a First Amendment right of access to criminal competency evaluations.

The First Amendment right of access, however, is qualified.   *Guerrero*, 693 F.3d at 1002.   Ordinarily, that would mean now weighing an individual's rights to determine whether any of the same warranted sealing or redacting a hearing or records, such as a criminal competency evaluation.   *See id*.   That, though, is not the situation presented here, as there is no specific case Civil Beat seeks to have unsealed through its Complaint.   Instead, Civil Beat asks for the Court to declare unconstitutional HCRR 2.19 and 9.1 as applied to criminal competency evaluations.   Compl. at 10-11.   The Court declines to do so.

Essentially, the issue at this point is by what mechanism an entity such as Civil Beat can vindicate its First Amendment qualified right to access criminal

---

to the State Constitution, once a competency evaluation becomes a court record, a presumption of openness exists that can only be overcome by making case-specific findings); *Poole v. South Dade Nursing & Rehab. Ctr.*, 139 So.3d 436, 440-441 (Fla. Dist. Ct. App. 2014) (finding that a defendant's competency examinations were not confidential under State law and, thus, affirmed the granting of a motion to unseal the same); *and In re Motion to Unseal Court Records*, 2019 WL 1495248, at * (D. Haw. Apr. 4, 2019) (releasing redacted versions of a defendant's competency evaluation and hearing transcript after finding a First Amendment right of access to mental competency hearings.   *See also Ashworth v. Bagley*, 351 F. Supp. 2d 786, 789-790 (S.D. Ohio 2005) (finding a common law right of access exists with respect to competency evaluations submitted in connection with a habeas corpus proceeding, but stating that "mental evaluations and presentence investigation reports are traditionally kept from the public eye during pretrial and trial stages of the criminal proceeding.").   To the extent this mostly post-2012 case law may alter the relevant analysis in *Guerrero*, Defendants do not make any such argument, and thus the Court does not further address it here.

competency evaluations.   There are two possibilities: (1) by making a criminal defendant file a motion to seal his or her evaluation, or (2) by making a member of the public file a motion to unseal the same.   Hawaiʻi, through HCRR 2.19 and 9.1, has chosen the latter approach.   This Court sees no constitutional infirmity in it doing so.   Under both approaches, the public and the defendant have an opportunity to present their arguments for sealing or unsealing a competency evaluation to a court.   *See* HCRR 10.4 (allowing a trial or appellate court to unseal confidential records); DCSF at ¶ 3 (stating, without opposition, that Civil Beat filed a motion to unseal competency evaluations in a state criminal appeal to the Hawaiʻi Supreme Court).   In addition, under both approaches, the public and the defendant receive a decision by a court on whether the evaluation should be sealed, redacted, or otherwise limited with appropriate findings.   DCSF at ¶ 6 (stating, without opposition, that the Hawaiʻi Supreme Court granted and denied in part Civil Beat's motion to unseal).   Simply requiring a member of the public to file the initial motion does not violate the First Amendment, and Civil Beat cites no authority to the contrary.[5]

---

[5]To the extent Civil Beat believes *Guerrero* is the authority, this Court disagrees.   Nothing in *Guerrero* requires Hawaiʻi to compel a defendant to file a motion to seal his or her competency evaluation in order to limit disclosure.   In addition, the fact that Civil Beat may not be satisfied with the decision it received from the Hawaiʻi Supreme Court in another case, *see* Compl. at ¶ 39, does not change this underlying principle.

For these reasons, the Court does not find HCRR 2.19 and 9.1

unconstitutional as-applied to criminal competency evaluations.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Court (1) DENIES Civil Beat's motion

for summary judgment, Dkt. No. 26, and (2) GRANTS Defendants' counter-

motion for summary judgment, Dkt. No. 31.

The Clerk is instructed to enter Judgment in favor of Defendants and then

CLOSE this case.

IT IS SO ORDERED.

DATED: December 27, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge